RECEIVED

OCT 19 2005

LARRY W. PROPES, CLERK
CHARLESTON, SC

In the District Court of the United States
For The District of South Carolina
BEAUFORT DIVISION

| | |
|---|---|
| WILLIE AGNES COOKE, | ) Civil Action No. 9:05-0207-HFF-GCK |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF THE MAGISTRATE JUDGE** |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## I. INTRODUCTION

This case is before the Court upon consent of the parties hereto, pursuant to Local Civil Rule 83.VII.02(A), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(c). The plaintiff, Willie Agnes Cooke (the "Plaintiff" or "Claimant"), brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433.[1]

## II. BACKGROUND TO THE CLAIM

Plaintiff was born on January 20, 1941, and was 63 years old at the time of the hearing. She holds a Bachelor of Arts degree in Social Sciences and has past work experience as a

---

[1] The Social Security Disability Insurance Program, established by Title II of the Act as amended, 42 U.S.C. § 401 et seq., provides Disability Insurance Benefits ("DIB") to disabled persons who have contributed to the program while employed. The regulations for determining disability are set forth at 20 C.F.R. pt. 404.

Page 1 of 14

telephone interviewer, administrative assistant, and retail sales associate. She alleges disability since October 28, 2000, due to rheumatoid arthritis and depression. (Tr. 72) Plaintiff's date last insured for DIB purposes was September 30, 2001. Therefore, Plaintiff had to establish that her impairments prevented her from performing any substantial gainful activity for twelve consecutive months beginning on or before that date. 42 U.S.C. § 423(c).

### III. ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for DIB (protective filing date of March 15, 2001), alleging disability since October 28, 2000, due to rheumatoid arthritis and depression. The application was denied initially and upon reconsideration by the Social Security Administration. (Tr. 57-68) On May 17, 2002, Plaintiff filed a request for hearing. (Tr. 69-70)

On June 3, 2004, a hearing was held before Administrative Law Judge William F. Pope (the "ALJ"), in Columbia, South Carolina. Plaintiff testified that she was disabled due to arthritis. She chose not to be represented by an attorney. Also testifying on behalf of the Plaintiff were her husband, William H. Cooke and her sister, Mary F. Williams. (Tr. 21-56)

The ALJ considered the case *de novo*, and on August 9, 2004, found that the Plaintiff was not under a disability as defined in the Social Security Act, as amended, and that as of her date last insured, Plaintiff retained the residual functional capacity ("RFC") to perform sedentary[2] work and was capable of performing her past relevant work as a telephone interviewer. (Tr. 12-19)

---

[2] 20 C.F.R. § 404.1567(a) defines sedentary work as follows: Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

On October 6, 2004, Plaintiff requested review by the Appeals Council. On November 26, 2004, the Appeals Council denied Plaintiff's request for review (Tr. 5-8), thereby making the ALJ's decision the final decision of the Commissioner of Social Security. (Tr. 5-8) Plaintiff has exhausted her administrative remedies, the parties have briefed the case, and it is now ripe for judicial review under § 205(g) of the Act, 42 U.S.C. § 405(g).

## IV. COMMISSIONER'S FINDINGS

In making her determination that the Plaintiff was not entitled to benefits, the Commissioner has adopted the following findings of the ALJ:

1. The claimant met the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and was insured for benefits through September 30, 2001.

2. The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3. The claimant's rheumatoid arthritis is a "severe" impairment, based on the requirements in the Regulations (20 C.F.R. § 404.1520(c)).

4. Through September 30, 2001, the claimant's medically determinable impairment did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5. The undersigned finds the claimant's allegations for the period through September 30, 2001, regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6. Through September 30, 2001, claimant retained the functional capacity to perform work related activities at the sedentary exertional level, except for work requiring climbing of ladders, ropes, or scaffolds or more than occasional balancing, stooping, kneeling, crouching, crawling, or climbing of ramps or stairs. Her mental impairment did not impose any work related limitations. In general terms, her mental impairment imposed mild limitations in her activities of daily living; social functioning; and concentration, persistence, and pace; and she had not had an episode of decompensation of an extended duration. She did not have a condition meeting the "C" criteria of any pertinent Listing of Impairment.

7. The claimant's past relevant work as a telephone interviewer did not require the performance of work-related activities precluded by her residual functional capacity (20 C.F.R. § 404.1565).

8. Through September 30, 2001, the claimant's medically determinable impairments did not prevent the claimant from performing her past relevant work.



Page 3 of 14

9. The claimant was not under a "disability," as defined in the Social Security Act, at any time through September 30, 2001 (20 CFR § 404.1520(f)).  (Tr. 18-19)

## V.  SCOPE OF REVIEW

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards.  Craig v. Chater, 76 F.3d 585 (4th Cir. 1996); Pass v. Chater, 65 F.3d 1200 (4th Cir. 1995); Mickles v. Shalala, 29 F.3d 918 (4th Cir. 1994); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Court's scope of review is specific and narrow.  It does not conduct a *de novo* review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence.  42 U.S.C. § 405(g); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).  "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Teague v. Califano, 560 F.2d 615, 618 (4th Cir. 1977).  Such evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance."  Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).  Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict.  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).  It is the duty of the ALJ reviewing the case, and not the duty of the Court, to make findings of fact and resolve conflicts in the evidence.  Hays, 907 F.2d at 1456.  In reviewing for substantial evidence, the court does not weight conflicting evidence, make credibility determinations, or

substitute its judgment for that of the agency. Id. If substantial evidence supports the Commissioner's decision that a claimant is not disabled, the decision must be affirmed. Blalock, 483 F.2d at 775.

Nevertheless, this deferential standard of review does not mean that "the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F2d. 278, 279 (4th Cir. 1969). The court also must determine whether the Commissioner's decision complies with applicable law. Myers v. Califano, 611 F.2d 980 (4th Cir. 1982). Therefore, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Agency's] findings, and that [the] conclusion is rational. Vitek v. Finch, 438 F.2d 1157, 1157-1158 (4th Cir. 1971) (citations omitted). "A factual finding by an ALJ is not binding if it has been reached by means of an improper standard or misapplication of the law." Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). "Where the [Commissioner's] determination is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the [Commissioner's] decision 'with or without remanding the cause for a rehearing'" pursuant to Section 405(g). Vitek, 438 F.2d at 1158 (citations omitted); see also Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991).



## VI. THE APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions that are to be asked during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (2003); Heckler v. Campbell, 461 U.S. 458 (1983); Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). The five questions are:



(1) whether the claimant is engaged in substantial gainful activity as defined in Sections 404.1510, 404.1571 et seq. If such determination is affirmative, no disability will be found. 20 C.F.R. § 404.1520.

(2) whether the claimant's impairments meet the durational requirement (Section 404.1509), and are severe (Section 404.1520(c)). If they do not meet those requirements, no disability will be found. 20 C.F.R. §§ 404.1509, 404.1520(c).

(3) whether the claimant has an impairment which meets or medically equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1) (the "Listing of Impairments") 20 C.F.R. §

404.1520(d). If one of the listings is met, disability will be found without consideration of age, education or work experience. 20 C.F.R. § 404.1520(d).

(4) whether the claimant has an impairment which prevents past relevant work. 20 C.F.R. § 404.1520(e).

(5) whether, in light of vocational factors such as age, education, work experience and RFC, the claimant is capable of other work in the national economy. The claimant is entitled to disability only if the answer is "no." 20 C.F.R.§ 404.1520(f).

An individual may be determined not disabled at any step if found to be: gainfully employed, not severely impaired, not impaired under the Listing of Impairments (20 C.F.R. Pt. 404, Subpart P, App. 1), or capable of returning to former work. In such a case, further inquiry is unnecessary. If, however, the claimant makes a showing at Step Four that return to past relevant work is not possible, the burden shifts to the Commissioner to come forward with evidence that the claimant can perform alternative work and that such work exists in the national economy. English v. Shalala, 10 F.3d 1080 (4th Cir. 1993); Harper v. Bowen, 854 F.2d 678 (4th Cir. 1988); Coffman v. Bowen, 829 F.2d 514 (4th Cir. 1987). The Commissioner may meet this burden by relying on the Medical-Vocational Guidelines (the "Grids") or by calling a vocational expert to testify. 20 C.F.R. § 404.1566. The Commissioner must prove both the claimant's capacity and the job's existence. Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir.1983).



### VII. ANALYSIS OF THE ALJ'S DECISION

Consistent with the five step "sequential evaluation" for the adjudication of disability claims, the ALJ first found that the Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 18, Finding 2) With respect to Steps Two and Three, the ALJ

determined that Plaintiff's rheumatoid arthritis was an impairment considered to be "severe" based upon the requirements in the Regulations,[3] but this medically determinable impairment did not meet or medically equal the criteria of any impairment listed in 20 C.F.R. Pt. 404, Appendix 1, Subpart P, Regulations No. 4. (Tr. 18, Findings 3-4) The ALJ also found that Plaintiff's allegations regarding her limitations for the period through September 30, 2001 were not totally credible. (Tr. 18, Finding 5)

Proceeding to Step Four of the evaluation process, the ALJ found that Plaintiff's RFC through September 30, 2001 did not prevent her from performing her past relevant work, and that her mental impairment did not impose any work-related limitations. (Tr. 18, Finding 6) Therefore she was not under a disability as defined by the Act at any time through September 30, 2001. (Tr. 18-19, Findings 7-9)

## VIII. PLAINTIFF'S OBJECTIONS

The Plaintiff raises one objection in her Brief: Whether the evidence supports the Commissioner's final decision that Plaintiff was not disabled within the meaning of the Social Security Act on or before September 20, 2001.

## IX. DISCUSSION

### A. Introduction

Here, the ALJ found that although Plaintiff's rheumatoid arthritis was a "severe" impairment, it did not warrant a finding by the ALJ that Plaintiff was "disabled" within the meaning of the Act.

---

[3] An impairment is considered "severe" when it "significantly limits an individual's physical or mental abilities to do basic work activities." 20 C.F.R. § 404.1520(c); Social Security Ruling 96-3p.

The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423(d)(5). She must make a *prima facie* showing of disability by showing she was unable to return to her past relevant work. Grant v. Schweiker, 699 F.2d 189, 191 (4th Cir. 1983). In the present case, Plaintiff had the burden of showing her impairment on or before September 30, 2001 was so functionally limiting as to preclude her from performing any substantial gainful activity for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A) *and* 20 C.F.R. § 404.1509. In other words, because Plaintiff was last insured as of September 30, 2001, she had to establish that her "disability" existed on or prior to that date. *See* Kasey v. Sullivan, 3 F.3d 75, 77 n.3 (4th Cir. 1993); Robert v. Schweiker, 667 F.2d 1143, 1144 (4th Cir. 1981).

### B. Analysis of Plaintiff's Objections

### 1. Plaintiff's Rheumatoid Arthritis

While Plaintiff's rheumatoid arthritis caused some pain and discomfort prior to her date last insured, it was not disabling. *See* Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986) (pain is not disabling *per se*). After Plaintiff was diagnosed with rheumatoid arthritis in January 2001, she was treated in a conservative manner with a treatment regimen of Methotrexate, Prednisone, and Plaquenil. Treatment notes from Plaintiff's rheumatologist for the relevant time period, i.e., prior to September 20, 2001, consistently indicated that Plaintiff had subjectively and objectively improved due to her treatment regimen and that there was good objective control of her rheumatoid arthritis. *See* Craig v. Chater, 76 F.3d 585, 591-596 (4th Cir. 1996) (objective medical evidence supported a conclusion that claimant was not disabled); Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994) (objective medical evidence did not reflect disabling condition); Gross, 785

F.2d at 1166 (a condition is not disabling if it can be reasonably controlled by medicine or treatment). Furthermore, on March 14, 2001, just two months after starting her treatment regimen, Plaintiff reported that she felt a lot better and was walking a mile every day. (Tr. 161) In a "Daily Activities Questionnaire" dated July 5, 2001, Plaintiff reported that she took care of her own personal needs and grooming, she did housework and shopping with her husband, and she took care of her flower garden. (Tr. 109, 110-11)

Significantly, prior to her date last insured, the only limitations placed on her activities by her physicians was a prohibition against ladder climbing. (Tr. 132) As discussed above, the evidence of record allowed the ALJ to reasonably infer that prior to her date last insured, Plaintiff's rheumatoid arthritis was not disabling. *See* Jolley v Weinberger, 537 F.2d 1179, 1181 (4th Cir. 1976) (inferences can be properly drawn form record evidence).

### 2. Plaintiff's Depression

Contrary to Plaintiff's assertion, there is no evidence of record that prior to September 30, 2001, Plaintiff's depression was a disabling condition. See Kasey, 3 F.3d at 77 n.3 (a claimant has the burden of establishing that her disability existed prior to the date last insured). Significantly, Plaintiff did not allege depression as an illness or condition that limited her ability to work. (Tr. 92)



Dr. Borucki's treatment notes indicate that prior to September 30, 2001, Plaintiff's depression was treated in a conservative manner and adequately controlled with medication. (Tr. 134, 138). *See* Gross, 785 F.2d at 1166 (a condition is not disabling if it can be reasonably controlled by medicine or treatment). Additionally, the record indicates that prior to her date last insured, Plaintiff was not receiving any ongoing treatment from a mental health provider.

Plaintiff's lack of ongoing treatment by a mental health provider prior to her date last insured allowed the ALJ to reasonably infer that prior to September 30, 2001, Plaintiff's depression was not disabling. *See* Jolley, 537 F.2d at 1181 (inferences can be properly drawn from record evidence); Hays, 907 F.2d at 1457 (court found it significant that claimant was not receiving ongoing treatment for alleged disabling impairment).

In addition, Dr. Klohn opined that on September 12, 2001, Plaintiff did not present as clinically depressed (Tr. 156) and two State agency psychological consultants who reviewed Plaintiff's records determined that Plaintiff's mental condition was not severe and that it only caused mild restrictions of daily living activities and mild difficulties in maintaining social functioning and maintaining concentration, persistence or pace. (Tr. 192, 202, 202, 217) The findings of the two State agency psychological consultants further supported the ALJ's determination that prior to her date last insured, Plaintiff's mental condition was not disabling. *See* Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1993) (an ALJ may properly give significant weight to an assessment from a nontreating physician); Social Security Ruling 96-6p (opinions of State agency medical consultants must be considered and weighed as those of highly qualified experts).

In sum, substantial evidence--such relevant evidence as a reasonable mind might accept as adequate to support a conclusion--supported the ALJ's conclusion that Plaintiff was not disabled within the meaning of the Act on or before her date last insured. As such, the ALJ's decision may not be disturbed upon judicial review. *See* Hays, 907 F.2d at 1456.

### 3. Whether Plaintiff's testimony was credible

In reaching the conclusion that Plaintiff was not disabled prior to her date last insured, the ALJ took into account her subjective complaints. However, the ALJ was not required to accept them without question. *See* Craig, 76 F.3d at 591. Rather, in determining the credibility of Plaintiffs subjective complaints, the ALJ could consider all of the evidence, medical and nonmedical. Id. at 595; *see also* Mickles, 29 F.3d at 921; Gross, 785 F.2d at 1166; 20 C.F.R. § 404.1529. Based on the evidence as a whole, the ALJ properly concluded that Plaintiff's testimony was not credible to the extent she claimed she was precluded from performing all substantial gainful activity prior to her date last insured. (Tr. 16) Because this credibility determination is supported by substantial evidence, the court will defer to it and not substitute its judgment for that of the ALJ, the finder of fact. *See* Hays, 907 F.2d at 1456.

First, the record was devoid of supporting objective medical evidence substantiating Plaintiff's allegations of disability prior to September 30, 2001. As the Fourth Circuit has recognized, "subjective evidence of pain and other symptoms cannot take precedence over objective medical evidence or the lack thereof." Craig, 76 F.3d at 592; *see also* Mickles, 29 F.3d at 923 (allegations of pain and other subjective symptoms, without more, are insufficient to show disability).

In addition to the lack of supporting objective medical evidence, other reasons also allowed the ALJ to determine that Plaintiff was not totally credible. Prior to her date last insured, Plaintiff's rheumatoid arthritis had been treated in a fairly conservative manner and had not required hospitalization. *See* Mickles, 29 F.3d at 930 (ALJ did not err by considering the inconsistency between claimant's level of treatment and claims of disabling pain); Hunter, 993 F.2d at 36 (lack of hospitalization or other significant treatment constitutes specific evidence

which supports an acceptable credibility determination that symptoms are not disabling). Similarly, Plaintiff's depression was treated in a conservative manner and did not require treatment by a mental health provider. Id. Furthermore, prior to her date last insured, no physician placed any restrictions on Plaintiff's activities, other than to prohibit ladder climbing.

On July 5, 2000, approximately two months prior to her date last insured, Plaintiff reported on her "Daily Activities Questionnaire" that she was able to take care of her own personal needs and grooming and that she did housework, shopped with her husband, and took care of her flower garden. (Tr. 109, 110-11) In addition, on September 12, 2001, approximately two weeks prior to her date last insured, Plaintiff reported to Dr. Klohn that she could drive, take care of her own personal needs, button buttons, zip zippers, tie shoes, prepare meals, wash dishes and clothes, shop for groceries and household items and sweep and vacuum. (Tr. 155-156). See Mastro v. Apfel, 270 F.3d 171, 179 (4th Cir. 2001) (claimant's daily activities undermined her subjective complaints). While evidence of daily activities may not be determinative on the issue of disability, in conjunction with other evidence of record, it may provide significant support for the conclusion that Plaintiff's complaints were not fully credible. See Craig, 76 F.3d at 594 (noting the factors to be considered in credibility evaluation process, including evaluation of Plaintiff's activities); SSR 96-7p (an individual's daily activities are a factor in assessing credibility).

In the present case, the Plaintiff failed to establish that she was disabled on or prior to her date last insured. The ALJ's findings that Plaintiff was not disabled are supported by substantial evidence in the record as a whole. Accordingly, this Court recommends that the Commissioner's decision be affirmed.

## RECOMMENDATION

Based upon the foregoing, it is recommended that the Commissioner's decision **be affirmed.**

George C. Kosko
United States Magistrate Judge

October 19, 2005

Charleston, South Carolina